UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DOUGLAS CARTER, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV411-086 |
| UNITED STATES OF AMERICA, | ) ) | CR492-157 |
| Respondent. | ) ) | |

## **REPORT AND RECOMMENDATION**

Douglas Carter has filed what he styles as a 28 U.S.C. § 2241 habeas petition (doc. 1) attacking a federal sentence and conviction for which he is no longer incarcerated.[1] *United States v. Carter*, No. CR492-086 (S.D. Ga. filed Nov. 5, 1992). Since he is still under supervised release stemming from that initial conviction and sentence, he satisfies the statutory custody requirement. *See Maleng v. Cook*, 490 U.S. 488, 491-94

---

[1] Carter was recently released from incarceration but has repeatedly violated the terms of his supervised release. He attacks his initial sentence as invalid and states that he could not have been sentenced to 5 years of supervised release. (Doc. 1-1 at 3-4.) By invalidating his initial sentence and term of supervised release, he hopes to undermine the recent imposition of an additional term of supervised release on November 12, 2010. (*Id.* at 4.)

(1989). However, a prisoner who seeks to collaterally attack a federal sentence or conviction *must* proceed by motion pursuant to 28 U.S.C. § 2255 unless he can establish the inadequacy or ineffectiveness of the § 2255 remedy. 28 U.S.C. § 2255(e). That is, the motion must be brought pursuant to § 2255 unless the petitioner satisfies the § 2255(e) savings clause. The Eleventh Circuit has held that the § 2255(e) savings clause applies when:

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.

*Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Nowhere in Carter's petition (doc. 1) has he offered any reason to believe that § 2255 would be inadequate or ineffective under the Eleventh Circuit standard.[2]

---

[2] He cites to a footnote in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577, 2581 n.2 (2010), which simply states that the "Controlled Substances Act itself defines the term 'felony' as 'any Federal or State offense classified by applicable Federal or State law as a felony.'" (Doc. 1-1 at 3.) Based on that footnote, he states that he is "actually innocent" of his Armed Career Criminal Act sentencing enhancement. (*Id.*) That case has no application here. It involved removal proceedings under the Immigration and Nationality Act. It did not address, much less fundamentally change, the sentencing enhancement Carter received under 18 U.S.C. § 924(e).

Since the savings clause does not apply, Carter may not proceed pursuant to § 2241. Thus, his collateral attack on his federal conviction must be treated as a § 2255 motion. If this was his first, the Court would warn him that his petition would be re-characterized as a motion pursuant to § 2255 unless he wanted to amend or dismiss it. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (district courts must warn first-time § 2255 litigants that they will lose their ability to file any successive § 2255 motions without first seeking leave to do so from the circuit court). But Carter has already filed two § 2255 motions attacking his conviction and sentence. *Carter v. United States*, No. CV405-017 (S.D. Ga. Mar. 15, 2005); *Carter v. United States*, No. CV497-115 (S.D. Ga. Apr. 21, 1998).

And, since this is his third § 2255 motion, Carter must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir.

2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Because Carter has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Additionally, his motion to proceed *in forma pauperis* (doc. 4) is **DENIED** as moot, since there is no filing fee for § 2255 petitions. 28 U.S.C. § 1914; *see* Rule 3, Rules Governing Section 2255 Proceedings for the United States District Courts, advisory committee notes ("There is no filing fee required of a movant under these rules."). His motion for an extension of time to file his *in forma pauperis* paperwork (doc. 3) is **DENIED** for the same reason.

Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)

(approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 11th day of May, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA