**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL CASE NO.: 4:11-cv-86 |
| DOUGLAS EDWARD CARTER, | CRIMINAL CASE NO.: 4:92-cr-157 |
| Defendant. | |

**O R D E R**

Defendant Douglas Edward Carter filed a Motion to Amend and Supplement Pleadings to Pending 2255 Writ of Habeas Corpus Petition Pursuant to Fed. Rule Proc. 15.  (Doc. 13.)[1]  In this Motion, Carter once again seeks to set aside his conviction and sentence entered long ago for his possessing a firearm as a convicted felon.  (Id.)

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" under limited enumerated reasons.).  Ordinarily, a defendant's sole avenue to set aside a conviction or sentence is 28 U.S.C. § 2255.  But, as the Court pointed out in its Order denying Carter's prior request for habeas relief, he has already filed an unsuccessful Section 2255 motion.  (See docs. 5, 10.)  To file yet another Section 2255 motion, Carter would first have to receive an order from the Eleventh Circuit authorizing this Court to consider the motion.  See 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  "Without authorization [from the

---

[1]  All docket citations in this Order are to the civil case.

court of appeals], [a] district court lack[s] jurisdiction to consider [a movant's] second or successive" motion.  Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010).

Carter styles his Motion as a request to amend his prior request for habeas relief.  However, the Court dismissed that request before Carter filed this Motion.  An attempt to amend a previously dismissed Section 2255 motion must be treated as a successive motion.  United States v. Alford, No. 22-13456, 2023 WL 4624476, at *2 (11th Cir. July 19, 2023).  "Rule 15 does not allow for post-judgment amendment of pleadings . . . ."  United States v. Akel, 787 F. App'x 1002, 1007 (11th Cir. 2019).  "Because there was no pending section 2255 motion in the district court, [Carter's] 'motion to amend' could correctly be construed instead as an unauthorized second or successive section 2255 motion."  Id.  Moreover, nothing in Carter's Motion would change the Court's decision that his request for habeas relief was an unauthorized second or successive Section 2255 motion.

For all these reasons, the Court **DENIES** Carter's Motion to Amend, (doc. 13).

**SO ORDERED**, this 6th day of August, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA